# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KEN CLARK,[1]<br><br>　　　　Respondent. | Case No. 1:18-cv-01141-LJO-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS, DISMISS PETITION FOR WRIT OF HABEAS CORPUS, DENY PETITIONER'S MOTION FOR DECREE PRO CONFESSO, AND DENY PETITIONER'S MOTION TO COMPEL<br><br>ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE RESPONDENT<br><br>(ECF Nos. 16, 26, 27) |

Petitioner Joshua Davis Bland is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2014 convictions in the Fresno County Superior Court for possession of child pornography. As the instant petition was filed outside 28 U.S.C. § 2244(d)(1)'s one-year limitation period, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition.

## I.

## BACKGROUND

On February 5, 2014, Petitioner was convicted by a jury in the Fresno County Superior Court of one count of possession of child pornography and one count of possession of child pornography with a prior conviction. Petitioner was sentenced to two consecutive imprisonment

---

[1] Ken Clark is the Warden of the California State Prison, Corcoran, where Petitioner is currently housed. (ECF No. 16 at 1 n.1). Accordingly, the Court substitutes Ken Clark as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

1

terms of twenty-five years to life. (LD[2] 1). On March 8, 2016, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2). Petitioner did not seek review in the California Supreme Court. (ECF No. 16 at 2).[3] Petitioner filed sixteen state post-conviction petitions, which were all denied. (LDs 3–34).

Petitioner previously filed a federal petition for writ of habeas corpus challenging his 2014 convictions in this Court. On March 27, 2018, the petition was dismissed without prejudice for failure to exhaust state court remedies. (LDs 35–38).

On August 15, 2018,[4] Petitioner constructively filed the instant federal petition for writ of habeas corpus. (ECF No. 1). On November 20, 2018, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period and is unexhausted. (ECF No. 16). Petitioner filed an opposition, and Respondent filed a reply. (ECF Nos. 23–25).

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

1. Commencement of the Limitation Period

Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

---

[2] "LD" refers to the documents electronically lodged by Respondent on December 12, 2018. (ECF No. 20).
[3] Page numbers refer to the ECF page numbers stamped at the top of the page.
[4] Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applies the mailbox rule in the motion to dismiss. (ECF No. 16 at 2 n.2).

2

judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. As Petitioner did not appeal to the California Supreme Court, his judgment became final when his time for seeking review with the state's highest court expired. Gonzalez v. Thaler, 565 U.S. 143, 150 (2012). The time to seek review with the California Supreme Court expired on April 18, 2016,[5] forty days after the Court of Appeal's decision was filed. See Cal. R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision . . . is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of Appeal decision is final in that court."). The one-year limitation period commenced running the following day, April 19, 2016, and absent tolling, was set to expire on April 18, 2017. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

2. Statutory Tolling

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

---

[5] Forty days after the Court of Appeal's decision, April 17, 2016, fell on a Sunday. Accordingly, the time to seek review continued to run until the next business day. See Cal. R. Ct. 1.10(a) ("The time in which any act provided by these rules is to be performed is computed by excluding the first day and including the last, unless the last day is a Saturday, Sunday, or other legal holiday, and then it is also excluded.").

3

toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). A habeas petition that is untimely under state law is not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). Therefore, "none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period." Curiel v. Miller, 830 F.3d 864, 868 (9th Cir. 2016) (en banc) (citing Evans v. Chavis, 546 U.S. 189, 197 (2006)). "[I]f a California court dismisses a habeas petition without comment, or even if it reviews a petition on the merits without discussing timeliness, a federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.'" Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Chavis, 546 U.S. at 197–98).

California courts apply a general "reasonableness" standard to determine whether a state habeas petition is timely. Carey v. Saffold, 536 U.S. 214, 222 (2002). Because "California courts had not provided authoritative guidance on this issue," the Supreme Court in Chavis "made its own conjecture . . . 'that California's "reasonable time" standard would not lead to filing delays substantially longer than' between 30 and 60 days." Robinson, 795 F.3d at 929 (quoting Chavis, 546 U.S. at 199). However, if a petitioner demonstrates good cause, California courts allow a longer delay. Robinson, 795 F.3d at 929 (citing In re Robbins, 18 Cal. 4th 770, 780 (1998)).

### a. First Through Eighth State Petitions

Petitioner's first through eighth state petitions were filed and denied before the one-year limitation period commenced. (LDs 3–18). Accordingly, Petitioner is not entitled to statutory tolling for the period during which these petitions were pending. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (finding that a state habeas petition filed and denied before the federal limitations period began to run "ha[s] no effect on the timeliness of the ultimate federal filing").

### b. Ninth State Petition

On March 29, 2016, Petitioner constructively filed a petition for resentencing in the Fresno County Superior Court, which denied the petition on May 5, 2016. (LDs 19, 20). There is nothing in the record that suggests this petition was not properly filed, and Respondent makes no such argument. (ECF No. 16 at 6). Thus, Petitioner is entitled to statutory tolling for the period his ninth state petition was pending in the Fresno County Superior Court.

### c. Tenth State Petition

On April 22, 2016,[6] Petitioner filed a petition for writ of habeas corpus in the Fresno County Superior Court, which denied the petition without prejudice for failure to verify the petition on June 3, 2016. (LDs 21, 22). Respondent argues that because the tenth state petition was not properly verified and thus, "not properly filed," it could not toll the limitations period. (ECF No. 16 at 6). The Ninth Circuit has recognized that a "state habeas petition [i]s not 'properly filed' until a verification [i]s submitted in accordance with California law." Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009). Accordingly, Petitioner is not entitled to statutory tolling for the period during which his tenth petition was pending.

### d. Eleventh State Petition

On April 10, 2016, Petitioner constructively filed a petition for writ of habeas corpus in the Fresno County Superior Court, which denied the petition on June 1, 2016. (LDs 23, 24). In denying the petition, the superior court relied *inter alia* on In re Clark, 5 Cal. 4th 750 (Cal. 1993), quoting:

> "The court has . . . refused to consider newly presented grounds for relief which were known to the petition at the time of the prior collateral attack on the judgment. [Citations.] The rule was stated clearly in *In re Connor, supra*, 16 Cal.2d 701, 705: 'In this state a defendant is not permitted to try out his contentions piecemeal by successive proceedings attacking the validity of the judgment against him,'" (*In re Clark* (1993) 5 Cal.4th 750, 767–768.) "Before a successive petition will be entertained on its merits the petitioner must explain and justify the failure to present claims in a timely manner in his prior petition or petitions." (*Id*. at p. 774.) "With the exception of petitions which allege facts demonstrating that a fundamental miscarriage of justice has occurred . . ., unjustified successive petitions will not be entertained on their merits." (*Id.* at p. 775.)

(LD 24 at 2).

Respondent argues that because the eleventh state petition was denied as successive by the Fresno County Superior Court, it was not properly filed and does not toll the limitation period. (ECF No. 16 at 7). In support of this argument, Respondent relies in part on the following

---

[6] As the tenth state petition does not include a signature or proof of service date, the Court is unable to apply the mailbox rule to the tenth state petition. The Court notes, however, this will not impact the timeliness determination because the limitation period was tolled at the time the tenth state petition was filed. See section II(A)(2)(b), *supra*.

1 cases: "*Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ('For tolling to be applied based on a second round, the petition cannot be untimely or an improper successive petition.'); *In re Clark*, 5 Cal. 4th at 770 (a successive petition is, of necessity, a delayed petition)." (ECF No. 16 at 7).

In Artuz v. Bennett, 531 U.S. 4 (2000), the Supreme Court held that an application for state postconviction relief containing claims that are procedurally barred[7] is "properly filed" within the meaning of § 2244(d)(2). Artuz stated that "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings," and observed that "the question whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar." Id. at 8, 9. Subsequently, in Pace v. DiGuglielmo, 544 U.S. 408 (2005), the Supreme Court clarified "that time limits, no matter their form, are 'filing' conditions" even when the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed. Id. at 417, 413. Pace noted that "there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in Artuz, which go to the ability to obtain relief." Pace, 544 U.S. at 417.

Respondent has not cited, and the Court is not aware of, a Ninth Circuit decision squarely addressing whether improper successive petitions are considered "properly filed" for purposes of tolling AEDPA's limitation period. The language from Porter that Respondent cites is found in a paragraph in which the Ninth Circuit set forth "[v]arious rules regarding the computation of the § 2244(d)(1) limitation period and § 2244(d)(2) statutory tolling." Porter, 620 F.3d at 958. Porter, however, did not involve a successive state habeas petition at all, but rather "the possible application of equitable tolling based on misconduct by an attorney." Id. at 954. Other circuit courts are split on whether a successive state petition is properly filed for purposes of tolling AEDPA's limitation period. See, e.g., Moore v. Sec'y, Fla. Dep't of Corr., No. 16-10249, 2019 WL 623883, at *4, 7 (11th Cir. Feb. 13, 2019) (rejecting government's argument that successive

---

[7] The state procedural bars at issue in Artuz prescribed denial of claims that were previously determined on the merits on direct appeal or that could have been raised on direct appeal but were not. Artuz, 531 U.S. at 11.

6

petition is not properly filed); Williams v. Birkett, 670 F.3d 729, 733 (6th Cir. 2012) (finding successiveness rules more like Pace than Artuz and holding that impermissible successive petitions are not properly filed); Mathis v. Thaler, 616 F.3d 461, 472 (5th Cir. 2010) (distinguishing Pace and finding successive petition was properly filed under Artuz).

In denying Petitioner's eleventh state petition, the superior court relied in part on Clark and the California procedural bar against piecemeal presentation of claims via successive petitions. (LD 24 at 2). Clark explained that "[a] successive petition presenting additional claims that could have been presented in an earlier attack on the judgment is, of necessity, a *delayed* petition," and confirmed "the general rule is still that, absent justification for the failure to present all known claims in a *single, timely* petition for writ of habeas corpus, successive and/or untimely petitions will be summarily denied." Clark, 5 Cal. 4th at 770, 797 (emphasis added). In other words, an improper successive petition presenting piecemeal claims "is, of necessity," an untimely petition under California law and thus, not properly filed. A contrary rule would allow a state prisoner to toll the statute of limitations at will simply by filing improper successive state postconviction petitions. Cf. Pace, 544 U.S. at 413 ("On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.").

Relying on Clark's direction that a "successive petition presenting additional claims that could have been presented in an earlier attack on the judgment is, of necessity, a delayed petition," Clark, 5 Cal. 4th at 770, and therefore untimely, this Court recommends finding that Petitioner is not entitled to statutory tolling for the period before and during the Fresno County Superior Court's consideration of Petitioner's eleventh state habeas petition. See Pace, 544 U.S. at 413 (holding that a habeas petition that is untimely under state law is not "properly filed"); Curiel, 830 F.3d at 868 (holding that "none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period").

### e. Twelfth State Petition

On February 28, 2017, Petitioner constructively filed his twelfth state habeas petition in

7

the Fresno County Superior Court, which denied the petition because Petitioner "failed to offer an adequate explanation for why he did not raise his current arguments in his previous petitions." (LD 26 at 2). The superior court quoted the following language from Clark: "Before a successive petition will be entertained on its merits the petitioner must explain and justify the failure to present claims in a *timely* manner in his prior petition or petitions." (LD 26 at 2) (emphasis added) (quoting Clark, 5 Cal. 4th at 774).

As a "successive petition presenting additional claims that could have been presented in an earlier attack on the judgment is, of necessity, a delayed petition," Clark, 5 Cal. 4th at 770, Petitioner is not entitled to statutory tolling for the period before and during the Fresno County Superior Court's consideration of Petitioner's twelfth state habeas petition.

### f. Conclusion

The Court finds that the instant federal petition was filed outside the one-year limitation period when statutory tolling is applied. AEDPA's one-year clock stopped while Petitioner's ninth state petition in the Fresno County Superior Court was pending (April 19, 2016[8]–May 5, 2016). As discussed above, Petitioner's tenth, eleventh, and twelfth state petitions were not "properly filed," and thus, the 363-day period before and during the superior court's consideration of said petitions (May 6, 2016–May 3, 2017) is not tolled. The one-year limitation period therefore expired on May 5, 2017. Although Petitioner filed his thirteenth state petition on June 1, 2017, and three more petitions thereafter, § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, the instant federal habeas petition is untimely unless Petitioner establishes that equitable tolling is warranted.

3. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010)

---

[8] Although Petitioner's ninth state petition was filed on March 29, 2016, the one-year limitation period commenced running on April 19, 2016.

8

(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

To the extent Petitioner's opposition can be construed as claiming that Petitioner's lack of legal sophistication was the cause for his delay, (ECF No. 23 at 1, 11), the Court finds that Petitioner is not entitled to equitable tolling. See, e.g., Baker v. Cal. Dep't of Corr., 484 F. App'x 130, 131 (9th Cir. 2012) ("Low literacy levels, lack of legal knowledge, and need for some assistance . . . are not extraordinary circumstances to warrant equitable tolling . . . ."); Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

As Petitioner has not made any showing that he is entitled to equitable tolling, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

**B. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Respondent contends that claims three through twelve are unexhausted because they have not been presented to the California Supreme Court. (ECF No. 16 at 9). Petitioner apparently does not challenge Respondent's contention and states that he "will 'delete' claims 3–12 of the original presentment." (ECF No. 23 at 1). The Supreme Court has instructed that "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Rhines v. Weber, 544 U.S. 269, 278 (2005).

However, as the instant federal habeas petition is untimely, Petitioner cannot proceed with the exhausted claims.

### C. Petitioner's Motions

On January 28, 2019, Petitioner filed a motion for decree pro confesso and a motion to dismiss the State's case against Petitioner. (ECF No. 26). Relying on Federal Rule of Civil Procedure 56(e)(2), Petitioner asserts that because Respondent failed to timely address Petitioner's assertions of facts, this Court may consider the facts as undisputed. (Id. at 1). Petitioner accordingly requests that he be unconditionally released. (Id. at 2). Federal Rule of Civil Procedure 56 governs motions for summary judgment, and thus is inapplicable in the instant case. Accordingly, the motion should be denied.

On February 4, 2019, Petitioner filed a motion to compel Respondent to rebut point for point Petitioner's affidavit, which was attached to his opposition to the motion to dismiss. (ECF No. 27). As set forth in section II(A), *supra*, the instant federal habeas petition is untimely and should be dismissed. Given that Petitioner's affidavit did not address the issue of timeliness, a point for point rebuttal from Respondent would be irrelevant. Accordingly, the motion should be denied.

## III.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 16) be GRANTED;
2. The petition for writ of habeas corpus be DISMISSED as untimely;
3. Petitioner's motion for decree pro confesso (ECF No. 26) be DENIED; and
4. Petitioner's motion to compel (ECF No. 27) be DENIED.

Further, the Clerk of Court is DIRECTED to substitute Ken Clark as Respondent in this matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

**THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 4, 2019**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE