# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>             Petitioner,<br><br>      v.<br><br>KEN CLARK,<br><br>             Respondent. | Case No. 1:18-cv-01141-LJO-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS, DISMISS PETITION FOR WRIT OF HABEAS CORPUS, DENY PETITIONER'S MOTION FOR DECREE PRO CONFESSO, DENY PETITIONER'S MOTION TO COMPEL, AND DENY PETITIONER'S REQUEST FOR JUDICIAL NOTICE<br><br>(ECF Nos. 16, 26, 27, 49) |

Petitioner Joshua Davis Bland is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2014 convictions in the Fresno County Superior Court for possession of child pornography. As the instant petition was filed outside 28 U.S.C. § 2244(d)(1)'s one-year limitation period, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition as untimely.

## I.

## BACKGROUND

On February 5, 2014, Petitioner was convicted by a jury in the Fresno County Superior Court of one count of possession of child pornography and one count of possession of child pornography with a prior conviction. Petitioner was sentenced to two consecutive imprisonment

1

terms of twenty-five years to life. (LD[1] 1). On March 8, 2016, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2). Petitioner did not seek review in the California Supreme Court. (ECF No. 16 at 2).[2] Petitioner filed sixteen state post-conviction petitions, which were all denied. (LDs 3–34).

Petitioner previously filed a federal petition for writ of habeas corpus challenging his 2014 convictions in this Court. On March 27, 2018, the petition was dismissed without prejudice for failure to exhaust state court remedies. (LDs 35–38).

On August 15, 2018,[3] Petitioner constructively filed the instant federal petition for writ of habeas corpus. (ECF No. 1). On November 20, 2018, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period and is unexhausted. (ECF No. 16). Petitioner filed an opposition, and Respondent filed a reply. (ECF Nos. 23–25).

On April 4, 2019, the undersigned issued findings and recommendation recommending that Respondent's motion to dismiss be granted and the petition be dismissed as untimely. (ECF No. 29). On May 20, 2019, Petitioner filed objections to the findings and recommendation, arguing that he is entitled to equitable tolling due to various traumatic experiences in custody that have caused Petitioner to suffer from post-traumatic stress disorder, agoraphobia, panic attacks, depression, and extreme anxiety. (ECF No. 32). On May 29, 2019, the undersigned vacated the findings and recommendation. (ECF No. 33). Respondent and Petitioner filed supplemental briefs on the issue of equitable tolling. (ECF Nos. 42, 44).

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas

---

[1] "LD" refers to the documents electronically lodged by Respondent on December 12, 2018 and September 25, 2019. (ECF Nos. 20, 43).

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

[3] Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applies the mailbox rule in the motion to dismiss. (ECF No. 16 at 2 n.2).

corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

    1.   <u>Commencement of the Limitation Period</u>

    Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

    In most cases, the limitation period begins running on the date that the petitioner's direct review became final. As Petitioner did not appeal to the California Supreme Court, his judgment became final when his time for seeking review with the state's highest court expired. <u>Gonzalez v. Thaler</u>, 565 U.S. 143, 150 (2012). The time to seek review with the California Supreme Court expired on April 18, 2016,[4] forty days after the Court of Appeal's decision was filed. <u>See</u> Cal. R.

---

[4] Forty days after the Court of Appeal's decision, April 17, 2016, fell on a Sunday. Accordingly, the time to seek review continued to run until the next business day. <u>See</u> Cal. R. Ct. 1.10(a) ("The time in which any act provided by these rules is to be performed is computed by excluding the first day and including the last, unless the last day is a Saturday, Sunday, or other legal holiday, and then it is also excluded.").

1    Ct. 8.366(b)(1) ("[A] Court of Appeal decision . . . is final in that court 30 days after filing.");

2    Cal. R. Ct. 8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of

3    Appeal decision is final in that court."). The one-year limitation period commenced running the

4    following day, April 19, 2016, and absent tolling, was set to expire on April 18, 2017. See

5    Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

6        2.  Statutory Tolling

7        The "time during which a properly filed application for State post-conviction or other

8    collateral review with respect to the pertinent judgment or claim is pending shall not be counted

9    toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). A habeas petition that is

10   untimely under state law is not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).

11   Therefore, "none of the time before or during the state court's consideration of an untimely

12   petition is tolled for purposes of AEDPA's limitations period." Curiel v. Miller, 830 F.3d 864,

13   868 (9th Cir. 2016) (en banc) (citing Evans v. Chavis, 546 U.S. 189, 197 (2006)). "[I]f a

14   California court dismisses a habeas petition without comment, or even if it reviews a petition on

15   the merits without discussing timeliness, a federal court 'must itself examine the delay in each

16   case and determine what the state courts would have held in respect to timeliness.'" Robinson v.

17   Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Chavis, 546 U.S. at 197–98).

18       California courts apply a general "reasonableness" standard to determine whether a state

19   habeas petition is timely. Carey v. Saffold, 536 U.S. 214, 222 (2002). Because "California courts

20   had not provided authoritative guidance on this issue," the Supreme Court in Chavis "made its

21   own conjecture . . . 'that California's "reasonable time" standard would not lead to filing delays

22   substantially longer than' between 30 and 60 days." Robinson, 795 F.3d at 929 (quoting Chavis,

23   546 U.S. at 199). However, if a petitioner demonstrates good cause, California courts allow a

24   longer delay. Robinson, 795 F.3d at 929 (citing In re Robbins, 18 Cal. 4th 770, 780 (1998)).

25           a.  First Through Eighth State Petitions

26       Petitioner's first through eighth state petitions were filed and denied before the one-year

27   limitation period commenced. (LDs 3–18). Accordingly, Petitioner is not entitled to statutory

28   tolling for the period during which these petitions were pending. See Waldrip v. Hall, 548 F.3d

4

729, 735 (9th Cir. 2008) (finding that a state habeas petition filed and denied before the federal limitations period began to run "ha[s] no effect on the timeliness of the ultimate federal filing").

### b. Ninth State Petition

On March 29, 2016, Petitioner constructively filed a petition for resentencing in the Fresno County Superior Court, which denied the petition on May 5, 2016. (LDs 19, 20). There is nothing in the record that suggests this petition was not properly filed, and Respondent makes no such argument. (ECF No. 16 at 6). Thus, Petitioner is entitled to statutory tolling for the period his ninth state petition was pending in the Fresno County Superior Court.

### c. Tenth State Petition

On April 22, 2016,[5] Petitioner filed a petition for writ of habeas corpus in the Fresno County Superior Court, which denied the petition without prejudice for failure to verify the petition on June 3, 2016. (LDs 21, 22). Respondent argues that because the tenth state petition was not properly verified and thus, "not properly filed," it could not toll the limitations period. (ECF No. 16 at 6). The Ninth Circuit has recognized that a "state habeas petition [i]s not 'properly filed' until a verification [i]s submitted in accordance with California law." Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009). Accordingly, Petitioner is not entitled to statutory tolling for the period during which his tenth petition was pending.

### d. Eleventh State Petition

On April 10, 2016, Petitioner constructively filed a petition for writ of habeas corpus in the Fresno County Superior Court, which denied the petition on June 1, 2016. (LDs 23, 24). In denying the petition, the superior court relied *inter alia* on In re Clark, 5 Cal. 4th 750 (Cal. 1993), quoting:

> "The court has . . . refused to consider newly presented grounds for relief which were known to the petition at the time of the prior collateral attack on the judgment. [Citations.] The rule was stated clearly in *In re Connor, supra,* 16 Cal.2d 701, 705: 'In this state a defendant is not permitted to try out his contentions piecemeal by successive proceedings attacking the validity of the judgment against him,'" (*In re Clark* (1993) 5 Cal.4th 750, 767–768.)

---

[5] As the tenth state petition does not include a signature or proof of service date, the Court is unable to apply the mailbox rule to the tenth state petition. The Court notes, however, this will not impact the timeliness determination because the limitation period was tolled at the time the tenth state petition was filed. See section II(A)(2)(b), *supra*.

> "Before a successive petition will be entertained on its merits the
> petitioner must explain and justify the failure to present claims in a
> timely manner in his prior petition or petitions." (*Id.* at p. 774.)
> "With the exception of petitions which allege facts demonstrating
> that a fundamental miscarriage of justice has occurred . . .,
> unjustified successive petitions will not be entertained on their
> merits." (*Id.* at p. 775.)

(LD 24 at 2).

Respondent argues that because the eleventh state petition was denied as successive by the Fresno County Superior Court, it was not properly filed and does not toll the limitation period. (ECF No. 16 at 7). In support of this argument, Respondent relies in part on the following cases: "*Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ('For tolling to be applied based on a second round, the petition cannot be untimely or an improper successive petition.'); *In re Clark*, 5 Cal. 4th at 770 (a successive petition is, of necessity, a delayed petition)." (ECF No. 16 at 7).

In Artuz v. Bennett, 531 U.S. 4 (2000), the Supreme Court held that an application for state postconviction relief containing claims that are procedurally barred[6] is "properly filed" within the meaning of § 2244(d)(2). Artuz stated that "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings," and observed that "the question whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar." Id. at 8, 9. Subsequently, in Pace v. DiGuglielmo, 544 U.S. 408 (2005), the Supreme Court clarified "that time limits, no matter their form, are 'filing' conditions" even when the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed. Id. at 417, 413. Pace noted that "there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in Artuz, which go to the ability to obtain relief." Pace, 544 U.S. at 417.

Respondent has not cited, and the Court is not aware of, a Ninth Circuit decision squarely holding that improper successive petitions are not "properly filed" for purposes of tolling

---

[6] The state procedural bars at issue in Artuz prescribed denial of claims that were previously determined on the merits on direct appeal or that could have been raised on direct appeal but were not. Artuz, 531 U.S. at 11.

AEDPA's limitation period. The language from <u>Porter</u> that Respondent cites is found in a paragraph in which the Ninth Circuit set forth "[v]arious rules regarding the computation of the § 2244(d)(1) limitation period and § 2244(d)(2) statutory tolling." <u>Porter</u>, 620 F.3d at 958. <u>Porter</u>, however, did not involve a successive state habeas petition at all, but rather "the possible application of equitable tolling based on misconduct by an attorney." <u>Id.</u> at 954. Other circuit courts are split on whether a successive state petition is properly filed for purposes of tolling AEDPA's limitation period. <u>See, e.g.</u>, <u>Moore v. Sec'y, Fla. Dep't of Corr.</u>, 762 F. App'x 610, 616, 619 (11th Cir. 2019) (rejecting government's argument that successive petition is not properly filed); <u>Williams v. Birkett</u>, 670 F.3d 729, 733 (6th Cir. 2012) (finding successiveness rules more like <u>Pace</u> than <u>Artuz</u> and holding that impermissible successive petitions are not properly filed); <u>Mathis v. Thaler</u>, 616 F.3d 461, 472 (5th Cir. 2010) (distinguishing <u>Pace</u> and finding successive petition was properly filed under <u>Artuz</u>).

In denying Petitioner's eleventh state petition, the superior court relied in part on <u>Clark</u> and the California procedural bar against piecemeal presentation of claims via successive petitions. (LD 24 at 2). <u>Clark</u> explained that "[a] successive petition presenting additional claims that could have been presented in an earlier attack on the judgment is, of necessity, a *delayed* petition," and confirmed "the general rule is still that, absent justification for the failure to present all known claims in a *single, timely* petition for writ of habeas corpus, successive and/or untimely petitions will be summarily denied." <u>Clark</u>, 5 Cal. 4th at 770, 797 (emphasis added). In other words, an improper successive petition presenting piecemeal claims "is, of necessity," an untimely petition under California law and thus, not properly filed. A contrary rule would allow a state prisoner to toll the statute of limitations at will simply by filing improper successive state postconviction petitions. <u>Cf.</u> <u>Pace</u>, 544 U.S. at 413 ("On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.")

Relying on <u>Clark</u>'s direction that a "successive petition presenting additional claims that could have been presented in an earlier attack on the judgment is, of necessity, a delayed

petition," Clark, 5 Cal. 4th at 770, and therefore untimely, this Court recommends finding that Petitioner is not entitled to statutory tolling for the period before and during the Fresno County Superior Court's consideration of Petitioner's eleventh state habeas petition. See Pace, 544 U.S. at 413 (holding that a habeas petition that is untimely under state law is not "properly filed"); Curiel, 830 F.3d at 868 (holding that "none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period").

### e. Twelfth State Petition

On February 28, 2017, Petitioner constructively filed his twelfth state habeas petition in the Fresno County Superior Court, which denied the petition because Petitioner "failed to offer an adequate explanation for why he did not raise his current arguments in his previous petitions." (LD 26 at 2). The superior court quoted the following language from Clark: "Before a successive petition will be entertained on its merits the petitioner must explain and justify the failure to present claims in a *timely* manner in his prior petition or petitions." (LD 26 at 2) (emphasis added) (quoting Clark, 5 Cal. 4th at 774).

As a "successive petition presenting additional claims that could have been presented in an earlier attack on the judgment is, of necessity, a delayed petition," Clark, 5 Cal. 4th at 770, Petitioner is not entitled to statutory tolling for the period before and during the Fresno County Superior Court's consideration of Petitioner's twelfth state habeas petition.

### f. Conclusion

The Court finds that the instant federal petition was filed outside the one-year limitation period when statutory tolling is applied. AEDPA's one-year clock stopped while Petitioner's ninth state petition in the Fresno County Superior Court was pending (April 19, 2016[7]–May 5, 2016). As discussed above, Petitioner's tenth, eleventh, and twelfth state petitions were not "properly filed," and thus, the 363-day period before and during the superior court's consideration of said petitions (May 6, 2016–May 3, 2017) is not tolled. The one-year limitation period therefore expired on May 5, 2017. Although Petitioner filed his thirteenth state petition on

---

[7] Although Petitioner's ninth state petition was filed on March 29, 2016, the one-year limitation period commenced running on April 19, 2016.

June 1, 2017, and three more petitions thereafter, § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, the instant federal habeas petition is untimely unless Petitioner establishes that equitable tolling is warranted.

3. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

**a. Extraordinary Circumstance**

To the extent Petitioner's opposition to the motion to dismiss can be construed as claiming that Petitioner's lack of legal sophistication was the cause for his delay, (ECF No. 23 at 1, 11), the Court finds that Petitioner is not entitled to equitable tolling on this ground. See, e.g., Baker v. Cal. Dep't of Corr., 484 F. App'x 130, 131 (9th Cir. 2012) ("Low literacy levels, lack of legal knowledge, and need for some assistance . . . are not extraordinary circumstances to warrant equitable tolling . . . ."); Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

In his objections to the previous findings and recommendation, Petitioner argues that he is entitled to equitable tolling due to various traumatic experiences in custody that have caused Petitioner to suffer from post-traumatic stress disorder, agoraphobia, panic attacks, depression, and extreme anxiety. (ECF No. 32). In Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010), the Ninth Circuit articulated the following standard for equitable tolling based on mental impairment:

> (1) *First,* a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either
>
> > (a) petitioner was unable rationally or factually to personally understand the need to timely file, or

9

> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

Bills, 628 F.3d at 1099–1100 (footnote omitted) (citing Holland, 560 U.S. at 649).

The Supreme Court has recognized that "[m]ental illness itself is not a unitary concept. It varies in degree. It can vary over time. It interferes with an individual's functioning at different times in different ways." Indiana v. Edwards, 554 U.S. 164, 175 (2008). Accordingly, the Court will undertake a review of the relevant time period and determine whether at any point Petitioner's mental impairment was so severe that he "was unable rationally or factually to personally understand the need to timely file" or that his "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." Bills, 628 F.3d at 1100.

Based on the records before the Court, during the relevant time period, Petitioner was diagnosed with pedophilia, bipolar disorder, and borderline personality disorder. (LD 39 at 485, 661, 668, 782, 783, 785).[8] His past diagnoses include pedophilia, dissociative identity disorder, major depressive disorder with psychotic features, post-traumatic stress disorder, personality disorder, and psychotic disorder. Past symptoms include depression, anxiety, auditory hallucinations, and multiple personalities. (LD 39 at 484).

From February 25, 2015 through at least September 2017, Petitioner was placed in the Correctional Clinical Case Management System ("CCCMS"). (LD 39 at 498, 631, 632, 634, 1362, 1366, 1375, 1394, 1438). CCCMS is a level of care for inmates who "exhibit[] symptom control, or [are] in partial remission as a result of treatment"; can stably function in the general population, administrative segregation unit, or security housing unit; and do not meet the criteria for higher levels of care. (ECF No. 42-1 at 2). See Coleman v. Schwarzenegger, 922 F. Supp. 2d 882, 903 n.24 (E.D. Cal. 2009).

From March 2016 to May 2017, progress notes indicate that Petitioner was "cooperative," "alert," and "well oriented." Petitioner's thought process was described as "linear," "logical," "goal directed," "clear," and "coherent." Petitioner's insight and judgment were determined to be good or fair. Petitioner denied suicidal ideation, homicidal ideation, and

---

[8] LD 39 page numbers refer to the page number stamped on the bottom right corner.

feeling hopeless or helpless. Petitioner's condition was described as stable with no crisis concerns. (LD 39 at 661, 663, 665, 667, 782, 783, 785, 1372). In April 2016 and February 2017, Petitioner filed state habeas petitions in the Fresno County Superior Court. (LDs 21, 23, 25). During the limitation period, Petitioner also filed various administrative appeals and inmate requests.[9] (ECF No. 43-15 at 26, 34, 36, 44, 63, 67, 71, 73, 109).

For purposes of comparison, in August 2018, the month that Petitioner filed the instant federal habeas petition, Petitioner was still designated at the CCCMS level of care. (LD 39 at 5556–58). Progress notes indicate that Petitioner was "cooperative," "coherent," and "alert with adequate concentration." (LD 39 at 5556–59). Petitioner's thought process was described as "linear." (LD 39 at 5556, 5558–59). His insight and judgment were determined to be fair. (LD 39 at 5556, 5558–59).

The record before this Court does not demonstrate a material difference in Petitioner's mental condition during the limitation period compared to the time he filed the instant federal habeas petition. Additionally, during the limitation period, Petitioner filed state habeas petitions and various administrative appeals. Accordingly, the Court finds that Petitioner's mental condition was not so severe that he "was unable rationally or factually to personally understand the need to timely file" or that his "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." Bills, 628 F.3d at 1100. See Yeh v. Martel, 751 F.3d 1075, 1078 (9th Cir. 2014) (finding mental impairment did not cause delay where petitioner "repeatedly sought administrative and judicial remedies," including filing "a state habeas petition in three different California venues"); Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010) (affirming district court decision concluding that petitioner's mental incompetency was not the cause of his untimeliness because petitioner "managed to file several petitions for post-conviction relief in state court during the time for which [petitioner] seeks equitable tolling" (citing Gaston v. Palmer, 417 F.3d 1030, 1035 (9th Cir. 2005))). Therefore, Petitioner has not
///

_____

[9] According to Respondent, Petitioner has filed approximately sixty-eight inmate appeals since 2014. (ECF No. 42 at 5; LD 40).

established the existence of an extraordinary circumstance from April 2016 through at least May 2017 based on mental impairment.

To the extent that Petitioner asserts that his physical condition and various medical issues constitute an extraordinary circumstance, the Court finds that Petitioner has not established that his physical condition prevented him from timely filing his federal habeas petition. Although Petitioner points to his poor eyesight and hearing impairment as obstacles to timely filing, (ECF No. 44 at 2), Petitioner "makes no argument that his physical disabilities were different in kind or degree during the period for which he claims an impediment" compared to when he filed the instant federal habeas petition or when he filed his state habeas petition and various administrative appeals. Gaston v. Palmer, 417 F.3d 1030, 1035 (9th Cir. 2005), reh'g granted, opinion modified on other grounds, 447 F.3d 1165 (9th Cir. 2006). Therefore, Petitioner has not established the existence of an extraordinary circumstance based on physical condition.

### b. Diligence

In order to be entitled to equitable tolling, a petitioner must have exercised "reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653 (citations and internal quotation marks omitted). "The standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief. It requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011). "To determine if a petitioner has been diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances." Id. at 1013. The Ninth Circuit has held that "diligence during the existence of an extraordinary circumstance is the key consideration." Gibbs v. Legrand, 767 F.3d 879, 892 (9th Cir. 2014). However, Petitioner's diligence before and after the extraordinary circumstance is "[a]lso relevant" and "may be illuminating." Id.

With respect to equitable tolling claims based on a mental impairment, the Ninth Circuit has held that "the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance."

Bills, 628 F.3d at 1100 (citing Holland, 560 U.S. at 649). Here, Petitioner states in conclusory fashion that he "tr[ied] to pursue [his] rights diligently." (ECF No. 44 at 2). However, Petitioner has failed to make any allegations as to what steps he took to diligently pursue his federal claims at the time the extraordinary circumstance stood in his way. Petitioner does not provide details of any specific action he took in pursuing the claims to the extent he could understand them. Therefore, the Court finds that Petitioner has not met his burden in establishing that he has been pursuing his rights diligently.

### c. Conclusion

In sum, Petitioner has not established that he is entitled to equitable tolling. Petitioner has not established the existence of an extraordinary circumstance from April 2016, when the limitation period commenced, through May 2017, when AEPDA's one-year clock expired. Moreover, Petitioner has not demonstrated that he pursued his rights diligently. Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

### B. Exhaustion

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Respondent contends that claims three through twelve are unexhausted because they have not been presented to the California Supreme Court. (ECF No. 16 at 9). Petitioner apparently does not challenge Respondent's contention and states that he "will 'delete' claims 3–12 of the original presentment." (ECF No. 23 at 1). The Supreme Court has instructed that "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to

proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005). However, as the instant federal habeas petition is untimely, Petitioner cannot proceed with the exhausted claims.

### C. Petitioner's Motions

On January 28, 2019, Petitioner filed a motion for decree pro confesso and a motion to dismiss the State's case against Petitioner. (ECF No. 26). Relying on Federal Rule of Civil Procedure 56(e)(2), Petitioner asserts that because Respondent failed to timely address Petitioner's assertions of facts, this Court may consider the facts as undisputed. (<u>Id.</u> at 1). Petitioner accordingly requests that he be unconditionally released. (<u>Id.</u> at 2). Federal Rule of Civil Procedure 56 governs motions for summary judgment, and thus is inapplicable in the instant case. Accordingly, the motion should be denied.

On February 4, 2019, Petitioner filed a motion to compel Respondent to rebut point for point Petitioner's affidavit, which was attached to his opposition to the motion to dismiss. (ECF No. 27). As set forth in section II(A), *supra*, the instant federal habeas petition is untimely and should be dismissed. Given that Petitioner's affidavit did not address the issue of timeliness, a point for point rebuttal from Respondent would be irrelevant. Accordingly, the motion should be denied.

On December 30, 2019, Petitioner filed a request to take judicial notice of the following judicial opinions: <u>Pierce v. Society of Sisters</u>, 268 U.S. 510 (1925); <u>Marbury v. Madison</u>, 5 U.S. 137 (1803); <u>Hale v. Henkel</u>, 201 U.S. 43 (1906); <u>Fehl v. Jackson County</u>, 161 P.2d 782 (Or. 1945). (ECF No. 49 at 1). None of these decisions is relevant to determining whether Petitioner's federal habeas petition is timely. Accordingly, the request for judicial notice should be denied.

### III.

### RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 16) be GRANTED;

2. The petition for writ of habeas corpus be DISMISSED as untimely;

3.  Petitioner's motion for decree pro confesso (ECF No. 26) be DENIED;

4.  Petitioner's motion to compel (ECF No. 27) be DENIED; and

5.  Petitioner's request for judicial notice (ECF No. 49) be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**January 30, 2020**__          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE