UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>    Petitioner,<br><br>    v.<br><br>KEN CLARK,<br><br>    Respondent. | No. 1:18-cv-01141-NONE-EPG-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITIONER'S MOTIONS FOR DECREE *PRO CONFESSO* AND TO COMPEL, DENYING PETITIONER'S REQUESTS FOR JUDICIAL NOTICE, DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 16, 26, 27, 49, 50, 57) |

By way of this petition for writ of habeas corpus under 28 U.S.C. § 2254, petitioner Joshua Davis Bland, a state prisoner proceeding *pro se* and *in forma pauperis*, seeks to challenge his May 8, 2014 conviction, following jury trial, for possessing or controlling child pornography. (Doc. Nos. 1, 20-1.) Respondent moved to dismiss this action, contending that the pending petition is untimely under 28 U.S.C. § 2244(d). (Doc. No. 16.) Petitioner filed an opposition to respondent's motion to dismiss, as well as motions for decree *pro confesso*, to compel respondent to rebut his affidavit or dismiss respondent's claims, and a request for judicial notice. (Doc. Nos. 23, 26–27.) The assigned magistrate judge considered the parties' papers and, in

findings and recommendations entered on the court's docket on January 31, 2020, concluded that the pending petition is time-barred and recommended that the petition be dismissed, and that petitioner's various motions be denied. (Doc. No. 50.) Petitioner timely filed his objections to those findings and recommendations as well as a motion for judicial notice. (Doc. Nos. 56, 57.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. The court notes that the magistrate judge found the one-year time limitation under § 2244(d)(1) began to accrue on April 19, 2016 after petitioner's judgment of conviction proceeded through the state appeal process and became final. (Doc. No. 50 at 3–4.) Thus, petitioner had until April 18, 2017 to file his petitioner for federal habeas relief; however, he did not do so until August 24, 2018. (*Id.*) This renders the pending petition untimely absent tolling. (*Id.*) The magistrate judge found that neither statutory or equitable tolling of the statute of limitations could save petitioner here because neither doctrine can render an untimely petition into a timely one. (*Id.* at 4–13.) Finally, as to petitioner's remaining motions and request for judicial notice, the magistrate judge recommended that they also be denied. (*Id.* at 14.) Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

The court has also considered petitioner's objections and motion for judicial notice and find them to be unpersuasive. Most importantly, petitioner's objections disregard the time-limitation issue analyzed by the magistrate judge, but instead focus on the substantive merits of his claims. (Doc. No. 56.) However meritorious petitioner's claims may be, they had to be presented to this federal court in a timely manner as required by § 2244(d) and they were not. *Cf. Bd. of Regents of Univ. of State of N. Y. v. Tomanio*, 446 U.S. 478, 487 (1980) (holding that "[s]tatutes of limitations are not simply technicalities," but "they have long been respected as fundamental to a well-ordered judicial system"). Petitioner also asks the court to take judicial notice of approximately 50 of what he apparently characterizes as facts; among them are: "The state courts do not possess any judicial power as they are all administrative courts set up under the Administrative Procedures Act of 1946"; "No level of the judicial government has ever introduced into any court action a real party interest under" Federal Rule of Civil Procedure

17(a); and "The above-named Petitioner is a state created artificial entity and not this private man." (Doc. No. 57 at 1). None of these "facts" petitioner asks the court to take judicial notice of is reasonably undisputed as required by Federal Rule of Evidence 201(b). Accordingly, petitioner's motion for judicial notice must be denied.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). 28 U.S.C. § 2253 governs the circumstances under which a certificate of appealability may be issued. Generally, when a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, no reasonable jurists would find the court's determination that petitioner's habeas petition should be dismissed to be wrong or even debatable, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly, it is hereby ordered that:

1. The findings and recommendation issued on January 31, 2020 (Doc. No. 50) is adopted in full;
2. Respondent's motion to dismiss the pending petition as time-barred (Doc. No. 16) is granted;
3. Petitioner's motion for decree *pro confesso* (Doc. No. 26) is denied;
4. Petitioner's motion to compel (Doc. No. 27) is denied;
5. Petitioner's request for judicial notice (Doc. No. 49) is denied;

6. Petitioner's motion for judicial notice (Doc. No. 57) is denied;

7. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and to then to close this case; and

8. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **April 13, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE