1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSHUA DAVIS BLAND,                        No.  1:18-cv-01141-DAD-EPG-HC

12                  Petitioner,
                                                ORDER DENYING PETITIONER'S MOTION
13          v.                                  FOR RECONSIDERATION AND
                                                DECLINING TO ISSUE CERTIFICATE OF
14   KEN CLARK,                                 APPEALABILITY

15                  Respondent.                 (Doc. No. 61)

16

17          Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  On January 31, 2020, the assigned magistrate judge issued

19   findings and recommendation recommending that respondent's motion to dismiss be granted and

20   the petition be dismissed as untimely.  (Doc. No. 50.)  On April 14, 2020, the court dismissed the

21   petition and entered judgment.  (Doc. Nos. 59, 60.)  On June 8, 2020, petitioner filed the instant

22   motion for reconsideration.  (Doc. No. 61.)

23          The court construes the motion for reconsideration as having been filed under Rule 60(b)

24   of the Federal Rules of Civil Procedure.  *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr.*

25   *Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (a motion for reconsideration is treated as a motion

26   under Federal Rule of Civil Procedure 59(e) if it is filed timely under that rule; if it is untimely, it

27   is construed as a motion under Federal Rule of Civil Procedure 60(b)).  Under Rule 60(b), the

28   court may relieve a party from a final judgment for any of the following reasons:

                                                 1

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Petitioner does not challenge the reasons underlying the order dismissing his habeas petition as having been untimely filed.  (Doc. Nos. 59, 61.)  Rather, petitioner appears to argue that he is a "sovereign" and has sovereign immunity under California law, but the state trial court "fraudulently concealed" the law of sovereign immunity and tried him for possessing and controlling child pornography without jurisdiction.  (Doc. No. 61 at 1-3; *see also* Doc. No. 59 at 1.)  Petitioner's reasoning conflates the legal tenet that a state, such as the State of California, is a sovereign with the fact that he (and each individual) therefore is also a sovereign.  There is no legitimate legal basis to petitioner's position.  *See N. Ins. Co. of New York v. Chatham Cty., Ga.*, 547 U.S. 189, 193–94 (2006).  Accordingly, the court finds that petitioner is not entitled to relief pursuant to Rule 60(b).

Finally, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of relief, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  The Ninth Circuit has held that a certificate of appealability "is required to appeal the denial of a Rule 60(b) motion for relief from judgment arising out of the denial of" a § 2254 or § 2255 motion.  *United States v. Winkles*, 795 F.3d 1134, 1142 (9th Cir. 2015); *Payton v. Davis*, 906 F.3d 812, 818 n.8 (9th Cir. 2018).  The court finds that granting a certificate of appealability to petitioner is inappropriate here, for no "jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion," nor would jurists of reason "find it debatable

2

whether the underlying section 2255 motion states a valid claim of the denial of a constitutional right." *Winkles*, 795 F.3d at 1143.

For the reasons set forth above:

1. Petitioner's motion for reconsideration (Doc. No. 61) is denied; and

2. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  __**July 8, 2020**__                    _Dale A. Drozd_____

UNITED STATES DISTRICT JUDGE